## Girardi v. E. M. Brown, Inc.

*John Sughrue,* for defendant Carns Bros., Inc.
*Ann B. Wood,* for additional defendant.

REILLY, *P.J.*, December 11, 1979—This matter comes before the court in the nature of preliminary objections to the court's jurisdiction in the above-captioned case. On June 26, 1979, Carns Brothers, Inc., a defendant in the above action, filed a praecipe for writ of summons to join Penn-Dixie Industries, Inc., as an additional defendant. The prothonotary issued a writ of summons on July 18, 1979, and on July 31, 1979, the Sheriff of Clearfield County deputized the Sheriff of Butler County to serve the writ and Penn-Dixie was served on August 3, 1979. In the interim, a petition to extend the period of service of process was filed on July 30, 1979, with an order granting the extension being handed down on August 9, 1979.

Defendant Penn-Dixie objects to its joinder as an additional defendant on two grounds: (1) the writ of summons was not served within 30 days after commencement of the action to join as required by Pa.R.C.P. 2254(b) in that the time began to run on June 26, the date the praecipe was filed, and (2) the petition to extend failed to state cause as required by Pa.R.C.P. 2254(b). In this instance, the resolution of issue (1) will preclude any further dealings with Penn-Dixie's objections, so issue (2) will not be touched upon in this opinion.

Rule 2254(b) of Pa.R.C.P. does state that "[t]he writ . . . shall be served by the sheriff . . . within thirty (30) days after commencement of the action to join. . . ." It would, therefore, at first glance, appear that an argument could be made that the 30 day time limit begins to run upon filing of a praecipe for a writ of summons, as opposed to any other date. However, 8 Goodrich-Amram 2d §2254(b):4.1. states quite clearly that, in instances such as this, the crucial date is the date of issuance of the writ by the prothonotary. Apparently, the original lan-

guage of the rule reads "within 30 days after issuance of the writ." The language was amended in 1958 and again in 1974 to the more general phrase "commencement of the action." However, 8 Goodrich-Amram 2d §2254(b):4.1 states:

"The 1958 amendment was not intended to alter the substance of the Rule. It was necessary because general language was needed to cover both commencement by writ and commencement by complaint. The 1974 amendment makes no substantial change in this respect. The phrase 'commencement of the action to join' should therefore be interpreted, in the case of commencement by writ, to fix the date as that on which the writ issues."

The primary case dealing with this issue is Harrisburg National Bank v. Ohio Casualty Insurance Co., 28 D. & C. 2d 620 (1962), wherein a prothonotary delayed 41 days in issuing a writ after a praecipe had been filed. The court quoted from Goodrich-Amram extensively and held that despite the delay, the time began running after date of issuance. The ruling still stands despite the 1974 amendment.

Therefore, as service was effectively made on August 3, 1979, which was within 30 days of July 18, 1979, the court enters the following

## ORDER

Now, December 11, 1979, following argument upon preliminary objections filed on behalf of defendant above-named, it is the order of this court that said objections be and are hereby dismissed and defendant is directed to file responsive pleadings within 20 days from date hereof.

## ORDER

Now, December 21, 1979, upon consideration of a motion for clarification and relief from the order of this court dated December 11, 1979, it is the order of this court that:

(1) The references to defendant in the order of December 11, 1979 are amended to read additional defendant.

(2) Additional defendant is relieved from the order requiring the filing of responsive pleadings within 20 days as no pleadings have been filed which require responses at the present time.